IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 13-00303 SOM |
| | ) | CR. NO. 03-00596 SOM |
| Plaintiff, | ) | |
| | ) | ORDER DENYING DEFENDANT'S |
| | ) | FOURTH MOTION FOR |
| | ) | COMPASSIONATE RELEASE |
| vs. | ) | |
| | ) | |
| JAMES KIM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S FOURTH MOTION FOR COMPASSIONATE RELEASE**

**I.     INTRODUCTION.**

In 2013, pursuant to a plea agreement, Defendant James Kim entered a plea of guilty to having conspired to possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 in Criminal No. 13-00303 SOM.  This court sentenced him to 180 months of imprisonment, 5 years of supervised release, and a $100 special assessment.  *See* ECF Nos. 36 and 48.[1]

In Criminal No. 03-00596 SOM, Kim's supervised release was revoked on July 22, 2013, and he was sentenced to 14 months of imprisonment that was to run concurrently with his sentence in Criminal No. 13-00303 SOM.  Although Kim filed the present compassionate release motion in Criminal No. 03-00596 SOM, it

---

[1] Unless otherwise noted, references are to Criminal No. 13-00303 SOM.

appears that he is no longer incarcerated under that case number and is instead begin held only in Criminal No. 13-00303 SOM.

On July 10, 2015, pursuant to 18 U.S.C. § 3582(c)(2), Kim's sentence of imprisonment in Criminal No. 13-00303 SOM was reduced to 168 months (14 years) given the retroactive reduction in his guideline sentencing range.  *See* ECF No. 52.  He has served approximately 11 years of his sentence in that case (minus a period while he was on escape status), has a projected release date of November 18, 2023, and is currently incarcerated at Talladega FCI.  *See* Presentence Investigation Report, ECF No. 46, PageID # 110 (indicating that he has been in custody since August 2012); ECF No. 144-7, PageID # 1570 (indicating "inoperative time" for escape from March 4, 2017, through May 24, 2017); https://www.bop.gov/inmateloc/ (input Register Number 26850-112) (last visited September 25, 2023).

This is Kim's fourth motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  On June 15, 2020, this court denied Kim's first compassionate release request, which was based on his age (60), medical conditions (hypertension, high cholesterol, and diabetes), and the pandemic, determining that he had not presented an extraordinary and compelling reason justifying his early release.  While Kim's then-existing medical conditions placed him at a higher risk of contracting a severe case of COVID-19, the court had difficulty concluding that Kim

2

was likely to have such complications because he had already contracted COVID-19 without exhibiting any symptoms.  At that time, the court could not determine whether Kim had any immunity from the virus as a result of having been infected and Kim had served less than two-thirds of what the court had determined to be an appropriate sentence.  The court was also concerned about the danger Kim may have posed to the community, as he had a drug trafficking conviction in Korea, a prior federal drug trafficking conviction, and a battery conviction for having punched his girlfriend.  Kim also presented little evidence of having been rehabilitated, and he had escaped in 2017.  *See* ECF No. 81.

On May 6, 2021, this court denied Kim's second motion for compassionate release.  The difference between Kim's first and second motion was the addition of another medical condition--chronic kidney disease.  This court was unpersuaded that the new medical condition justified a change in the court's earlier analysis or warranted Kim's early release.  *See* ECF No. 94.

On April 14, 2022, Kim filed a third motion for compassionate release.  *See* ECF No. 95.  In addition to hypertension, high cholesterol, diabetes, and chronic kidney disease, Kim claimed to have been diagnosed with prostate cancer, Barrett's esophagitis, and gastrointestinal dysmotility disorder.  He argued that he should be released for the reasons set forth in his previous motions, because he had new medical conditions, and

3

because the Bureau of Prisons was not treating his cancer. *Id.*

On April 17, 2022, Kim submitted a compassionate release request to the warden of his facility that asked for his release based on his diagnoses of prostate cancer, Barrett's esophagitis, diabetes, chronic kidney disease, hypertension, and gastrointestinal dysmotility disorder. *See* ECF No. 97. On or about April 28, 2022, the warden denied Kim's administrative request for compassionate release. *See* ECF No. 101-1.

To avoid any issue with respect to Kim's compliance with the administrative requirements, counsel for Kim refiled his third motion for compassionate release on July 18, 2022. *See* ECF No. 108.

On November 18, 2022, the court denied Kim's third request for compassionate release for the reasons set forth in its previous denials of his requests for compassionate release. *See* ECF No. 134. Additionally, the court ruled that any delay by the Bureau of Prisons ("BOP") in treating Kim's prostate cancer did not justify his early release, as it appeared that the BOP was actually treating Kim's prostate cancer. The court informed Kim, "If the Bureau of Prisons ceases or otherwise stonewalls that actual treatment, Kim may file another compassionate release motion or seek reconsideration of this order." *Id.*, PageID # 1480.

On December 1, 2022, Kim sought reconsideration of the

4

order of November 18, 2022, arguing that the BOP had failed to take him to a urology appointment and was therefore "stonewalling" with respect to his prostate cancer treatment. *See* ECF No. 135, PageID # 1483.

On December 20, 2022, the court denied the reconsideration motion after being informed that Kim's urologist appointment had been rescheduled and that he was being transferred to FMC Butner for prostate cancer treatment. *See* ECF No. 143, PageID # 1541.

Kim represents that, in May 2023, he completed his prostate cancer treatment. *See* ECF No. 144, PageID # 1550.

Notwithstanding Kim's representations to the contrary, this court's order of December 20, 2022, did not order the BOP to perform surgery to correct Kim's hiatal hernia. *See id.* Nor has this court done so in any other order. Kim has not presented any evidence indicating that fundoplication surgery is necessary to treat his hiatal hernia. The record indicates only that he has discussed the surgery, that he "likely would be a candidate to consider" it, and that he "is interested in pursuing" it. *See* ECF No. 150-7, PageID # 1637.

**III.    ANALYSIS.**

Kim's compassionate release request is governed by 18 U.S.C. § 3582(c)(1)(A), which provides:

> [T]he court . . . upon motion of the
> defendant after the defendant has fully

5

> exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, for the court to exercise its authority under § 3582(c)(1)(A), it must initially determine that the defendant exhausted his administrative remedies or that 30 days have passed since he filed an administrative compassionate relief request.  If a defendant has satisfied the exhaustion requirement, then the court may only exercise its discretion after examining three considerations.  First, it must find that extraordinary and compelling reasons warrant a sentence reduction.  Second, it must find that such a reduction is consistent with the Sentencing Commission's policy statements (assuming there are any policy statements applicable to the motion).  Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular circumstances presented whether the requested reduction in

6

sentence is warranted.  *See United States v. Wright*, 42 F.4th 1063, 1070 (9th Cir. 2022); *United States v. Scher*, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).  "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."  *Wright*, 42 F.4th at 1070-71.

> **A. Kim Has Not Satisfied the Administrative Exhaustion Requirement of 18 U.S.C. § 3582(c)(1)(A).**

Kim has not satisfied the administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), as he failed to submit an administrative compassionate release request to the warden of his prison.  The main thrust of his fourth compassionate release request is that the BOP has failed to perform a surgery allegedly ordered by this court in December 2022: "Movant now points the court to a 'judge's order' dated December 20, 2022, in which Judge Susan Oki Mollway orders the 'BUTNER FEDERAL MEDICAL CENTER' to perform surgery on the defendant James Kim.  This surgery which entailed an operation on Defendant Kim's Hiatal hernia[] (Nissan Fundoplication surgery) HAS NEVER BEEN PERFORMED despite the Judge's order."  ECF No. 144, PageID # 1548.  The BOP's failure to comply with what Kim says was this judge's order of December 20, 2022, has never been administratively exhausted, putting aside the glaring issue that this court did not order the

7

BOP to perform any surgery on Kim.

Kim relies on an administrative request made before the alleged December 2022 order to satisfy the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).  *See* ECF No. 144, PageID # 1544.  However, that administrative request could not have initiated any administrative process for the present motion.  While Kim did submit a compassionate release request to his warden on April 17, 2022, that request asked for his release based on his diagnoses of prostate cancer, Barrett's esophagitis, diabetes, chronic kidney disease, hypertension, and gastrointestinal dysmotility disorder.  *See* ECF No. 97.  It certainly did not raise the BOP's alleged failure to comply with what Kim says was a December 2022 order.  Accordingly, Kim does not satisfy the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).  *See United States v. Keller*, 2 F.4th 1278, 1283 (9th Cir. 2021).

Besides having previously relied on prior administrative requests to his warden, Kim now argues in a reply memorandum that he filed "cop outs," or informal grievances, that satisfied the exhaustion requirements relating to the present fourth compassionate release motion.  Kim may be referencing submissions to prison officials from July 12 and 13, 2023, about one week before he submitted the present motion.  *See*, *e.g.*, ECF No. 144-1, PageID #s 1552-1556.  Kim submits no evidence that

8

these "cop outs" (BP-8 forms through which informal complaints may be given to BOP staff) qualify as a request to the Warden of his facility (rather than asking other prison officials about his surgery status), that the Warden of his facility ever responded, or that 30 days passed before he filed the present motion.  The motion is denied based on the failure to exhaust.

> **B.   This Court Has Discretion in Determining Whether Extraordinary and Compelling Reasons Justify a Reduced Sentence.**

Even if Kim could be said to have satisfied the administrative exhaustion requirement, he does not satisfy § 3582(c)(1)(A)'s second requirement--whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.

The Sentencing Commission has proposed guideline amendments that reflect the discretion given to courts when Congress amended the statute to allow inmates themselves to file compassionate release motions.  Those are not presently in effect.  *See United States v. Mau*, 2020 WL 6153581 (D. Haw. Oct. 20, 2020); *United States v. Scher,* 2020 WL 3086234, at *2 (D. Haw. June 10, 2020); *United States v. Cisneros*, 2020 WL 3065103,

9

at *2 (D. Haw. Jun. 9, 2020); *United States v. Kamaka*, 2020 WL 2820139, at *3 (D. Haw. May 29, 2020).  This court, however, does consider here the proposed amendments, as, absent congressional action, the Sentencing Commission's proposed amendments will take effect on November 1, 2023.  *See* 2023 Amendments to the Sentencing Guidelines, Policy Statements, and Official Commentary, https://perma.cc/J7G3-58KM (last visited September 25, 2023).

The Ninth Circuit has expressly recognized that, at least in the absence of amendments, there is no applicable Sentencing Commission policy statement governing compassionate release motions filed by defendants under § 3582(c)(1)(A).  Nevertheless, while the Sentencing Commission's statements in the version of USSG § 1B1.13 now in effect are not applicable policy statements that are binding on this court, they may inform this court's discretion.  *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021) (per curiam).

> **C.  Kim Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release.**

Kim bears the burden of establishing an extraordinary and compelling reason warranting compassionate release.  *See United States v. Kanohokula*, 2021 WL 5411211, at *4 (D. Haw. Nov. 18, 2021).  As noted in the court's previous denials of Kim's compassionate release requests, while the record establishes that

10

Kim had prostate cancer that has been treated, as well as a number of other medical conditions that place him at a higher risk of a severe case of COVID-19, Kim's medical conditions are not sufficient to demonstrate extraordinary and compelling circumstances justifying his compassionate release in light of the pandemic.

Kim's current compassionate release request is premised on the BOP's alleged failure to comply with what Kim says was this court's order that Kim have surgery to correct a hiatal hernia.  Because this court issued no such order, the alleged failure to perform that surgery is not an extraordinary and compelling reason justifying compassionate release.

In sum, for the reasons set forth in the court's previous orders denying Kim's compassionate release motions, this court again denies his fourth compassionate release motion.  In addition to Kim's failure to exhaust, his medical conditions, his history with the virus, the threat that he still may pose to the community, and the COVID-19 pandemic do not constitute an extraordinary and compelling reason that warrants a reduction in his sentence.  Additionally, the Bureau of Prisons' alleged failure to comply with an order that this court did not make cannot justify his early release.

**III.    CONCLUSION.**

Kim's fourth request for compassionate release under 18 U.S.C. § 3582(c)(1)(A) is denied.

It is so ordered.

DATED: Honolulu, Hawaii, September 25, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


*United States v. Kim*, Cr. No. 13-303 SOM, Cr. No. 03-00596 SOM; ORDER DENYING DEFENDANT'S FOURTH MOTION FOR COMPASSIONATE RELEASE

12